NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DON C. SHAW, Plaintiff, v. STEVE BROWN et al., Defendants. | Civil Action No. 13-2086 (RMB) **MEMORANDUM OPINION** |

This matter comes before the Court upon Petitioner's submission of his application to proceed in this matter in forma pauperis, and it is appearing that:

On November 11, 2011, the Clerk received Plaintiff's civil complaint and his application seeking in forma pauperis status. See Shaw v. Brown ("Shaw-I"), Civil Action No. 11-5875 (RMB) (D.N.J.) (commenced 10/11/2011, terminated 5/30/2012).

In his Shaw-I pleading, Plaintiff "state[d] that[,] on June 11, 2008, [D]efendant Trooper Steve Brown, searched him without legal justification and falsely arrested him." Id., Docket Entry No. 2, at 2.

This Court granted Plaintiff in forma pauperis status for the purposes of Shaw-I and dismissed the Shaw-I pleading as untimely, explaining to Plaintiff that, "[i]n New Jersey, the statute of limitations for personal injury claims, and thus for Section 1983 claims, is two years, . . . [and] Section 1983

claims of false arrest and false imprisonment, where such arrest and imprisonment . . . accrue upon the plaintiff's arraignment, or other legal process." Id. at 5-6. Since "Plaintiff was arrested . . . in 2008, and did not file [his Shaw-I] complaint until September of 2011, . . . his claims [have become] time barred." Id. at 6. The Court, however, dismissed Plaintiff's Shaw-I challenges without prejudice to establishing a valid basis for a statutory or equitable tolling. See id. at 7 and n.1 (detailing the operations of both tollings). The Court's order to that effect was entered on May 30, 2012 and allowed Plaintiff 45 days to state his facts, if any, in support of his tolling application, that is, if such were advanced. See Shaw-I, Docket Entry No. 3. Since Plaintiff made no application stating such facts and seeking tolling, see generally, Shaw-I, Docket, the Court's Shaw-I determination became conclusive upon the expiration of Plaintiff's time to seek tolling. Cf. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (rejecting litigants' contention that "a dismissal with leave to amend is not really a dismissal").

Almost a year passed by. On April 3, 2013, the Clerk received another civil complaint that arrived accompanied with an insufficient in forma pauperis application; that submission gave rise to the proceedings at bar. See Instant Matter, Docket Entry No. 1. The Court, therefore, denied Plaintiff in forma pauperis

status for the purposes of the instant proceedings. See id., Docket Entry No. 2. On April 25, 2013, Plaintiff submitted a complete in forma pauperis application, hence verifying his intent to prosecute this action. See id., Docket Entry No. 3.

The complaint at bar ("Complaint") named Trooper Steve Brown as Defendant and, again, asserted that on June 11, 2008, Trooper Brown illegally arrested Plaintiff.[1] See id., Docket Entry No. 1, at 4. No statement in the Complaint reflected on the issue of untimeliness. See generally, id., Docket Entry No. 1.

Since this Court already extensively detailed to Plaintiff the timeliness considerations in connection with disposing of Plaintiff's Shaw-I challenges, another recital of the same would be superfluous.

Therefore, Plaintiff's challenges will be dismissed, again, as untimely and, in addition, pursuant to the doctrine of res judicata. Res judicata, or claim preclusion, is a "defense assert[able] when a case is essentially identical to one that has previously been adjudicated." R & J Holding Co. v. Redevelopment Auth. of County of Montgomery, 670 F.3d 420, 427 (3d Cir. 2011), cert. denied, 132 S. Ct. 2792 (2012).[2] Since Petitioner's

---

[1] In addition, Plaintiff asserted that Trooper Brown exercised excessive force during the arrest. See Instant Matter, Docket Entry No. 1, at 4.

[2] The courts have the authority to apply the doctrine of claim preclusion or res judicata sua sponte. See Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir.2002); accord Ezekoye v. Ocwen

instant challenges have already been fully adjudicated in Shaw-I, they are precluded from re-litigation by res judicata since Plaintiff was provided with an ample opportunity to seek equitable or statutory in Shaw-I but elected to forfeit that opportunity and, moreover, did not address the same concern upon being expressly notified by this Court about the deficiency of his claims.[3] Accord Newman v. Krintzman, ___ F.3d ___, 2013 U.S. App. LEXIS 15012 (1st Cir. July 24, 2013) (providing a thoughtful discussion of all aspects of the issue and concluding that a dismissal on the basis of untimeliness qualifies as a dismissal on the merits for the purposes of triggering the res judicata effect); accord Ball v. Famiglio, ___ F.3d ___, 2013 U.S. App. LEXIS 16529, at *26 (3d Cir. Aug. 9, 2013) (citing Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002), for the observation that "the law of this Circuit permits a limitations defense to be raised by a motion under Rule 12(b)(6) [seeking dismissal for failure to state a claim upon which relief can be granted] if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations").

---

Federal Bank FSB, 179 F. App'x 111, 114 (3d Cir. 2006).

[3] The fact that Plaintiff now added an excessive force claim to his original false arrest challenge does not alter this Court's analysis. See R & J Holding, 670 F.3d at 427 (res judicata applies "not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action").

Accordingly, the Complaint will be dismissed as time-barred and pursuant to the doctrine of res judicata. Such dismissal will be with prejudice since, in light of Plaintiff's Shaw-I litigation and his election not to address the issue of timeliness in the within Complaint, leave to amend would be futile. See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000); accord Foman v. Davis, 371 U.S. 178, 182 (1962). An appropriate Order follows.

s/Renée Marie Bumb
**RENÉE MARIE BUMB,**
**United States District Judge**

Dated: September 30, 2013